UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

LESLIE WAYNE LOGEL, )
) Nos. 1:08-cr-83/1:10-cv-224
)
v. ) *Chief Judge Curtis L. Collier*
)
UNITED STATES OF AMERICA, )
)

## MEMORANDUM

Before the Court is the *pro se* motion of Leslie Wayne Logel ("Logel") filed pursuant to 28 U.S.C. § 2255. Logel claims his conviction for failing to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of Title 18 U.S.C. § 2250, must be vacated because the Act did not become effective and applicable to him until August 2008, subsequent to his indictment (Criminal Court File No. 18).[1] In essence he argues that the act that lead to his conviction were not criminal at the time the act was committed. The government concedes Logel's conviction must be vacated because it represents the interstate travel of a SORNA violation must occur after the effective date of the applicable section of the Act i.e., August 1, 2008, and Logel's interstate travel is alleged to have occurred prior to that date (Criminal Court File No. 19).

After considering Logel's motion, the arguments he advances in support of his motion, and the concession of the Government, the Court will **GRANT** (Criminal Court File No. 18) Logel's motion. Logel's judgment will be set aside and his indictment will be dismissed with prejudice.

### I. BACKGROUND

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

On July 22, 2008, a federal grand jury sitting in the Eastern District of Tennessee at Chattanooga returned a one-count Indictment charging Logel with having failed to register as a sex offender, in violation of Title 18 U.S.C. § 2250 (Court File No. 1). Logel was arrested on July 28, 2008, and remained in continuous federal custody pending the resolution of his federal criminal case. Counsel was appointed to represent him (Court File No. 4). On Nvember 6, 2008, Logel entered a plea of guilty to the one count of the indictment (Court File No. 14). Pursuant to his guilty plea, Logel was convicted of violating SORNA.[2] 18 U.S.C. § 2250. For this offense, he received a 36-month prison sentence, to be followed by a life term of supervised release (Court File No. 17). Logel did not seek direct review, but now brings this untimely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Court File No. 18).

## II. FACTUAL BACKGROUND

As stated above, Logel pleaded guilty to a single count indictment charging him with violating SORNA on or about November 8, 2007. The plea was supported by the following stipulated factual basis:

> On or about December 17, 1998, Leslie Logel was convicted of Statutory Sexual Seduction with a minor in Nye County, Nevada, and Logel was sentenced to thirty months in jail. As a result, Logel was required to register as a sex offender until August 26, 2008. On October 24, 2005, Logel signed a form, which lists his duties and requirements while on the registry, to include notifying the Sheriff when and if he moves or changes his residential address.
>
> On April 3, 2005, an annual verification card was sent to an address in Burlington, Iowa, which was returned on April 18, 2005, with a signature indicating it was the correct address. On April 3, 2006, an annual verification card was sent to Logel's listed address in Burlington, Iowa, but it was returned with the postmark "No such number" stamped on it.

---

[2] SORNA created a national registry for sex offenders (i.e., persons convicted of a sex offense) and made it a criminal act to fail to comply with its registry requirements.

2

On February 1, 2008, an Iowa Criminal Investigator received an email from the Des Moines County Sheriff's Office indicating that Logel was in Tennessee. On November 8, 2007, Logel received a Tennessee driver's license.

On February 6, 2008, an investigator ran Logel's criminal history and found that he had been charged with email solicitation of a minor and driving while revoked in Sequatchie County, Tennessee, on June 2, 2007.

On the same day, the investigator checked with the Tennessee Sex Offender Registry. The Tennessee Registry officials indicated that Logel's sex offense of Statutory Sexual Seduction would require him to register in Tennessee. On the same day, the investigator called the Warren County, Tennessee Sheriff's Office to confirm Logel's registration with them, but Logel had not registered in Tennessee.

When Logel was registered, after apprehension by law enforcement, on the Tennessee Sex Offender Registry on March 28, 2008, he indicated on the form that he had arrived in Tennessee on August 1, 2006, i.e., after July 27, 2006, the effective date of SORNA.

(Criminal Court File No. 12).

### III. STANDARDS OF REVIEW

To seek relief under § 2255, a prisoner "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citation omitted). Not every legal error at trial or sentencing justifies section 2255 relief, only those which constitute "a fundamental defect which inherently results in a complete miscarriage of justice.'" *Hill v. United States*, 368 U.S. 424, 428 (1962).

### IV. DISCUSSION

Logel asserts his conviction is invalid because the conduct which allegedly violated SORNA occurred before the Act became applicable to him. To support this claim, Logel relies upon *Carr v. United States*, 130 S.Ct. 2229 (2010)(held SORNA section imposing criminal liability for failure to adhere to registration requirements is not applicable to sex offenders whose interstate travel

occurred before the statute's effective date); *United States v. Utesch*, 596 F.3d 302 (6th Cir. 2010) (SORNA became effective against offenders convicted before its enactment 30 days after the final SMART guidelines were published, i.e., on August 1, 2008); *United States v. Cain*, 583 F.3d 408 (6th Cir. 2009); and *Sipple v. United States*, 2010 WL 2302789 (S.D. Ohio, June 8, 2010) (Finding claim of actual innocence of SORNA violation excused default of claim of unintelligent guilty plea; granted § 2255 motion since movant's travel and failure to register occurred prior to August 1, 2008, the effective date of SORNA).

The United States has filed a response agreeing Logel's conviction should be vacated in light of these cited decisions because the conduct for which he was indicted occurred prior to the date SORNA became applicable to Logel (Court File No. 19).

**A. <u>Timeliness</u>**

Logel acknowledges he failed to file his petition within one year of the date his conviction became final. The government does not address the timeliness of the § 2255 motion, presumably, because the facts sufficiently illustrate Logel is actually innocent of the offense charged in the indictment. *See Bousley v. United* States, 523 U.S. 614, 623 (1998) (remanded case after finding petitioner's claim may be reviewed in the collateral proceeding if he can prove actual innocence); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (credible showing of actual innocence equitably tolled § 2254 one-year statute of limitations); *Waucaush v. United States*, 380 F.3d 251 (6th Cir. 2004) (establishment of actual innocence in § 2255 proceeding, excused failure to raise claim on direct review).

The Court of Appeals for the Sixth Circuit has held that, "[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who missed the deadline may still maintain

a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 543 U.S. 865 (2004); *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *see also McSwain v. Davis*, 287 Fed.Appx. 450 (6th Cir. July 15, 2008), *available in* 2008 WL 2744640 (observing that equitable tolling under the actual innocence standard is available in federal habeas cases) and *Barnes v. United States*, 102 Fed. Appx. 441 (6th Cir. April 29, 2004), *available in* 2004 WL 954437 (prisoner who can show intervening change in the law establishes actual innocence can invoke savings clause of § 2255 and proceed under § 2241). Regardless of whether Logel proceeds under § 2255 or § 2241, there is no doubt that Logel is actually innocent of violating SORNA prior to its effective date and relief is warranted. Although the Court's research did not reveal a Sixth Circuit case which actually tolled the one-year statute of limitations applicable to § 2255 motions on the basis of an actual innocence claim, the Court is guided by *Sipple v. United States,* 2010 WL 2302789 (S.D. Ohio, June 8, 2010) and *United States v. Anderson*, 2010 WL 3000165 (S.D. Ohio, July 30, 2010), both of which are SORNA cases and concluded the § 2255 movants demonstrated their actual innocence. In *Sipple*, the movant's actual innocence excused the procedural default of his claim his guilty plea was not knowing and intelligent. In *Anderson* the court applied equitable tolling to an untimely § 2255 motion upon a showing of actual innocence of a SORNA violation. Accordingly, because Logel has made a credible claim of actual innocence, and the Court deems it is in the best interest of justice for the Court to consider his claim, Logel's § 2255 motion is deemed timely filed on the basis of equitable tolling, and the merits of his claim will be addressed.

**B.     The Law**

SORNA became effective on July 27, 2006. SORNA requires a sex offender to register, and to maintain a current registration in each jurisdiction where the offender resides, is employed, and is a student. 42 U.S.C. § 16901. It is a crime to violate SORNA's registration requirements. Generally, a person required to register under SORNA who travels in interstate or foreign commerce and knowingly fails to register or update his registration as required under SORNA will be fined and/or imprisoned for up to ten years.

Congress gave the Attorney General authority to promulgate regulations applying SORNA retroactively to individuals like Logel whose convictions for sex offenses occurred prior to the effective date of the Act. The Attorney General issued an emergency regulation making SORNA applicable to persons convicted of sex offenses prior to July 27, 2006, which the Sixth Circuit subsequently held violated the notice, comment, and publication requirements of the Administrative Procedures Act ("APA"). *See United States v. Cain*, 583 F.3d 408 (6th Cir. 2009) (The February 28, 2007, emergency regulation making SORNA applicable to persons convicted of sexual offenses before the passage of SORNA was not enforceable because it was not promulgated in compliance with the Administration Procedure Act). The Attorney General subsequently enacted regulations[3] applying SORNA to persons whose sex offense convictions predated the effective date of the Act that complied with the APA, which the Sixth Circuit has concluded did not become effective until August 1, 2008. *United States v. Utesch*, 596 F.3d at 313.

Therefore, because Congress gave the Attorney General authority to promulgate regulations applying SORNA retroactively to individuals like Logel whose convictions for sex offense occurred

---

[3] These regulations are referred to as the SMART regulations—an acronym derived from the first initial of the last five words in "Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking."

prior to the effective date of the Act and because, suffice it to say, it took the Attorney General a substantial amount of time to correct the interim regulation's procedural deficiencies before eventually making SORNA retroactive through legitimate means, the Sixth Circuit has concluded the statute did not become effective to any person convicted before SORNA's enactment until August 1, 2008. *See United States v. Utesch*, 596 F.3d at 306-311.

Although the Supreme Court subsequently ruled SORNA cannot be applied retroactively to acts of interstate travel which occurred before the effective date of the Act, it specifically stated it was not expressing any opinion as to the application of the Act to person with pre-SORNA sex offense convictions whose travel and failure to register occurred after the effective date of the Act and before the promulgation of the Attorney General's emergency regulations. *Carr v. United States*, ___ U.S. ___, 130 S.Ct. 2229, 2234 n. 2 (2010). Consequently, both *Cain* and *Utesch*, *supra* remain the law of the Sixth Circuit concerning the validity of the Attorney General's emergency regulations and the applicability of the SMART regulations.

C. **Retroactive Application of SORNA to Logel**

To be convicted under 18 U.S.C. § 2250(a), a defendant must: (1) be a convicted sex offender who is required to register under 42 U.S.C. § 16913(a); (2) travel in interstate or foreign commerce; and (3) knowingly fail to register or update a registration. *Carr v. United States*, 130 S.Ct. 2229, 2235 (2010) (SORNA does not apply to sex offenders whose interstate travel occurred before SORNA's effective date). The elements are to be read sequentially, meaning "a person [who] becomes subject to SORNA's registration requirements . . . must then travel in interstate commerce and thereafter fail to register." *Id.* at 2235.

The government charged Logel with failing to register as a sex offender in violation of SORNA on or about November 8, 2007, well before SORNA was applicable to him, i.e., August 1, 2008. *See United States v. Utesch*, 596 F.3d at 311. Therefore, Logel's evidence of actual innocence is unquestionable under the holding of *Utesch*, because Logel's conviction for a sex offense predated the effective date of the Act, and the conduct for which he stands convicted occurred prior to the date on which the registration and notification requirements first applied to him, i.e., August 1, 2008. *Id.* It is undisputed that Logel's last interstate travels occurred prior to the passage of the applicable section of SORNA and the Sixth Circuit has held the acts for which he stands convicted were not criminal acts prior to August 1, 2008. *Id.* Accordingly, SORNA did not apply to him at the time of his last travels in interstate commerce on August 1, 2006.

Logel's indictment alleged that he violated SORNA on or about November 8, 2007 (Criminal Court File No. 1).[4] The facts presented by the government in support of Logel's conviction showed that, on August 1, 2006, he arrived in Tennessee, residing here without updating his sex offender registration. However, Logel's interstate travel on August 1, 2006, and his failure to register as a sex offender in Tennessee did not violate SORNA because, as explained earlier, the said conduct occurred prior to the date he was required to register under the Act. Thus, as Logel insists, he is actually innocent of the 18 U.S.C. § 2250(a) offense based on his travel to Tennessee and subsequent failure to register there.

Under the holding in *Utesch*, because Logel's conviction for a sex offense predated the effective date of the Act, its registration and notification requirements did not apply to him until August 1, 2008. On that date, Logel was required to register under SORNA and it was this event

---

[4] Logel received a Tennessee driver's license on November 8, 2007.

which triggered the statutory sequence. Consequently, if on or about November 8, 2007 (i.e., the date specified in the indictment), Logel traveled in interstate or foreign commerce and then failed to register as a sex offender in the pertinent jurisdiction, his conduct would not violate the Act as it was not applicable to Logel at that time.

There are no facts in the record, nor any claim by the government, that Logel engaged in interstate travel or failed to register as a sex offender after August 1, 2008, when SORNA applied to him. Indeed, the government represented that Logel applied for a Tennessee driver's license on November 8, 2007, after arriving in Tennessee on August 1, 2006. The record indicates Logel was apprehended by law enforcement on or about March 28, 2008, and remained in Tennessee thereafter until transported to a federal correctional institution.

## V. CONCLUSION

Because Logel's interstate travel from Iowa to Tennessee and failure to register took place prior to SORNA's effective date, i.e., August 1, 2008, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is well taken. Therefore, this § 2255 motion will be **GRANTED**; Logel's judgment for violating SORNA's registration requirements will be **VACATED**; and his indictment will be **DISMISSED WITH PREJUDICE**.

A separate judgment order **SHAL**L enter.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**